MILLER • LAW • ASSOCIATES
A PROFESSIONAL CORPORATION

1    **MILLER LAW ASSOCIATES, APC**
2    Randall A. Miller (SBN 116036)
     rmiller@millerlawapc.com
3    Zachary Mayer (SBN 199434)
     zachary@millerlawapc.com
4    411 South Hewitt Street
5    Los Angeles, CA 90013
     Phone: (213) 493-6400
6    Fax: (888) 748-5812
7
8    **NORRIS McLAUGHLIN P.A.**
     Joseph Farco (*Pro Hac Vice* to be filed)
9    jfarco@norris-law.com
     7 Times Square, 21st Floor
10   New York, NY 10036
11   Phone: (212) 808-0700
     Fax: (212) 808-0844
12
13   Attorneys for Plaintiffs HANGZHOU ALFA TRADING CO. LTD and ZHEJIANG
14   XINMAO PLASTIE INDUSTRY CO., LTD

15              **UNITED STATES DISTRICT COURT**
16
              **CENTRAL DISTRICT OF CALIFORNIA**
17

| | |
|---|---|
| 18  HANGZHOU ALFA TRADING CO. LTD, a foreign limited liability corporation, and ZHEJIANG XINMAO PLASTIE INDUSTRY CO., LTD, a foreign limited liability corporation, | Case No. 2:25-cv-00471 |
| 19 20 | **COMPLAINT FOR DAMAGE AND FOR DECLARATORY JUDGMENT** |
| 21 22              Plaintiffs, | 1. **Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,103,576 B2 ("'576 Patent")** |
| 23       vs. | 2. **Patent Misuse** |
| 24 25  DBEST PRODUCTS, INC., a California corporation | 3. **Unfair Competition** **DEMAND FOR JURY TRIAL** |
| 26 27              Defendant | |

28       Plaintiffs HANGZHOU ALFA TRADING CO. LTD ("Alfa") and ZHEJIANG

XINMAO PLASTIE INDUSTRY CO., LTD ("ZXP") (collectively, "Plaintiffs") for their Complaint for Declaratory Judgement of Patent Non-Infringement and Patent Misuse against DBEST PRODUCTS INC. ("Defendant"), each avers and alleges as follows.

### NATURE OF THE ACTION

1.    This is an action seeking relief from Defendant's pattern of abuse of the patent laws by using U.S. Patent Number 12,103,576 B2 (the "576 Patent") to coerce online marketplaces, like those offered by Amazon Inc. ("Amazon"), to delist online listings and marketplaces from Defendant's lawful competitors. A copy of the '576 Patent is attached hereto as **Exhibit A**.

2.    Plaintiff Alfa made and sold the following products online through its "SPIEEK-YK" branded Amazon store:



The products above have the following Amazon Standard Identification Number ("ASIN") on Amazon, but have since been removed because of Defendant's misuse of the '576 Patent which caused Amazon to remove the following listings from access by Plaintiff Alfa's customers:

- B0DCG8T8L8 (https://www.amazon.com/dp/B0DCG8T8L8);
- B0DCGCX1SJ (https://www.amazon.com/dp/B0DCGCX1SJ);

MILLER • LAW • ASSOCIATES
A PROFESSIONAL CORPORATION

MILLER • LAW • ASSOCIATES

A PROFESSIONAL CORPORATION

- B0DCG867N6 (https://www.amazon.com/dp/B0DCG867N6);

- B0DCG41SBK (https://www.amazon.com/dp/B0DCG41SBK);

- B0DCF1QKKG (https://www.amazon.com/dp/B0DCF1QKKG);

- B0DCF54GKR (https://www.amazon.com/dp/B0DCF54GKR);

- B0DCDX12QS (https://www.amazon.com/dp/B0DCDX12QS); and

- B0DCF28B97   (https://www.amazon.com/dp/B0DCF28B97);   collectively referred to herein as "Alfa Products".

3.     On or around December 15, 2024, Defendant used the '576 Patent to unlawfully take down Plaintiff Alfa's Amazon marketplace for the Alfa Products. *See* **Exhibit B** (Amazon Complaint Number 16796393811).   Since then, Defendant's misuse of the '576 Patent to disrupt Plaintiff Alfa's Amazon sales has caused, and continues to cause, immediate and irreparable harm to Plaintiff Alfa.

4.     Plaintiff ZXP sold the following products under the brand "Enhomme Direct" via Amazon:

 

The products above have the following ASIN on Amazon, but have since been removed because of Defendant's misuse of the '567 Patent which caused Amazon to remove the following listings from access by Plaintiff ZXP's customers:

- B0DCFKFBLS (https://www.amazon.com/dp/B0DCFKFBLS);

- B0DMKDTFNL (https://www.amazon.com/dp/B0DMKDTFNL);

- B0DMKCFDDJ (https://www.amazon.com/dp/B0DMKCFDDJ);

- B0DMKG5DJ7 (https://www.amazon.com/dp/B0DMKG5DJ7);

- B0DM9G8426 (https://www.amazon.com/dp/B0DM9G8426);

- B0DLWQMS2C(https://www.amazon.com/dp/B0DLWQMS2C);

- B0DMKH7PXT(https://www.amazon.com/dp/B0DMKH7PXT);

- B0DMKDPGXC(https://www.amazon.com/dp/B0DMKDPGXC); and

B0DMKDW8P3(https://www.amazon.com/dp/B0DMKDW8P3);        collectively

referred to herein as "Enhomme Products".

5.    On or around November 21, 2024, Defendant used the '576 Patent to unlawfully take down Plaintiff ZXP's Amazon marketplace for its products sold through Enhomme Direct. *See* **Exhibit C**. Since then, Defendant's misuse of the '576 Patent to disrupt Plaintiff ZXP's Amazon sales of Enhomme Products has caused, and continues to cause, immediate and irreparable harm to Plaintiff ZXP. *See* **Exhibit C** (Amazon Complaint Number 16696504481).

6.    Plaintiff ZXP manufactured the products that were sold by Amazon under the brand name "VECELO":



The products above have the following ASIN on Amazon, but have since been removed because of Defendant's misuse of the '576 Patent which caused Amazon to remove the following listings, from access by Plaintiff ZXP's customers:

1   B0CRYXG6F4    (https://www.amazon.com/dp/B0CRYXG6F4);

2   B0CRYV2ZQN    (https://www.amazon.com/dp/B0CRYV2ZQN);

3   B0D83J4DMF    (https://www.amazon.com/dp/B0D83J4DMF);

4   B0D878RFPC    (https://www.amazon.com/dp/B0D878RFPC);

5   B0D879YPXJ    (https://www.amazon.com/dp/B0D879YPXJ);

6   B0D8762N2H    (https://www.amazon.com/dp/B0D8762N2H);

7   B0DCNRQTDV    (https://www.amazon.com/dp/B0DCNRQTDV);

8   B0CRY4QTLM    (https://www.amazon.com/dp/B0CRY4QTLM);

9   B0CRYXD631    (https://www.amazon.com/dp/B0CRYXD631);

10  B0D4Z2VWXH    (https://www.amazon.com/dp/B0D4Z2VWXH);

11  B0D4YZRYRF    (https://www.amazon.com/dp/B0D4YZRYRF); and

12  B0D4Z3K219    (https://www.amazon.com/dp/B0D4Z3K219), collectively

13  referred to herein as "VECELO Products".

14      7.      Defendant misused the '576 Patent to unlawfully take down Plaintiff

15  ZXP's Amazon marketplace and its products sold through the Vecelo online store,

16  which Amazon continues to maintain despite Plaintiff ZXP's appeal of that erroneous

17  decision. *See* **Exhibit D** (Amazon Complaint Number 16602835481).

18      8.      The Amazon marketplace constitutes Plaintiffs' primary sales channel

19  into the United States.  In order to remain competitive in the United States market,

20  specifically in the folding storage boxes area, each Plaintiff needs the Alfa Products,

21  Enhomme Products, and Vecelo Products (the "Accused Products") listed in the

22  Amazon marketplace to maintain its business by being available for purchase by

23  consumers.

24      9.      The '576 Patent has three independent claims: Claims 1, 11, and 15. Each

25  of Claims 1-10 of Defendant's '576 Patent requires, *inter alia*, "[a] collapsible cart

26  configured to transition from a closed condition where it is folded up to an open

27  condition where it is expanded for use," and "the right sidewall and the left sidewall

28  are configured to fold inwardly in the closed condition; the right sidewall comprising

MILLER • LAW • ASSOCIATES
A PROFESSIONAL CORPORATION

a first right panel rotatably coupled to a second right panel…." *See* **Exhibit A**, Column 11, line 41 – Column 12, line 57.

10.    Each of Claims 11-14 of Defendant's '576 Patent requires, *inter alia*, "the right sidewall and the left sidewall are configured to fold inwardly in the closed condition, the right sidewall comprising a first right panel rotatably coupled to a second right panel, the right sidewall further comprising a third right panel, wherein the second right panel and the third right panel conform in shape to collectively cover the opening in the first right panel…." *See* **Exhibit A**, Column 12, line 58 – Column 13, line 28.

11.    Each of Claims 15-18 of Defendant's '576 Patent require, *inter alia*, "the right sidewall and the left sidewall are configured to fold inwardly in the closed condition, the right sidewall comprising a first right panel rotatably coupled to a second right panel, …." *See* **Exhibit A**, Column 13, line 29 – Column 14, line 41.

12.    During prosecution of Defendant's predecessor patent application to the '576 Patent, U.S. Patent Application No. 17/143,116 (the "116 Application), a third party presented charts to the United States Patent and Trademark Office ("USPTO") illustrating how CN207506081U (the CN081 Patent) met claim language in the '116 Application.  *See* **Exhibit E**.

13.    U.S. Patent No. 4,662,532 A issued before the earliest effective date of the claims of the '576 Patent.  *See* **Exhibit F**.  The USPTO never considered this reference during prosecution of the '576 Patent.

14.    U.S. Patent No. 3,981,410 A issued before the earliest effective date of the claims of the '576 Patent.  *See* **Exhibit G**.  The USPTO never considered this reference during prosecution of the '576 Patent.

15.    U.S. Patent No. 9,278,775 B2 issued before the earliest effective date of the claims of the '576 Patent.  *See* **Exhibit H**.  The USPTO never considered this reference during prosecution of the '576 Patent.

16.    U.S. Patent No. 8,757,412 B2 issued before the earliest effective date of

DECLARATORY JUDGMENT COMPLAINT

MILLER · LAW · ASSOCIATES
A PROFESSIONAL CORPORATION

MILLER · LAW · ASSOCIATES

A PROFESSIONAL CORPORATION

1    the claims of the '576 Patent.  *See* **Exhibit I**.  The USPTO never considered this
2    reference during prosecution of the '576 Patent.

3         17.    DE9203114 U1 published before the earliest effective date of the claims
4    of the '576 Patent.  *See* **Exhibit J**.  The USPTO never considered this reference during
5    prosecution of the '576 Patent.

6         18.    Finnish Patent No. 128389 published before the earliest effective date of
7    the claims of the '576 Patent.  *See* **Exhibit K**.  The USPTO never considered this
8    reference during prosecution of the '576 Patent.

9         19.    U.S. Patent Application Publication No. 2019/0270545 A1 published
10   before the earliest effective date of the claims of the '576 Patent.  *See* **Exhibit L**.  The
11   USPTO never considered this reference during prosecution of the '576 Patent.

12        20.    Defendant's anticompetitive use of the '576 Patent to dominate the
13   market for folding storage containers is both wrongful and targeted to competitively
14   harm Plaintiffs and restrict free market competition.

15        21.    An actual and justiciable case or controversy therefore exists between
16   each Plaintiff and Defendant regarding whether the Accused Products have infringed
17   the claims of '576 Patent. Declaratory relief is thus appropriate and necessary to
18   establish that the making, using, importation, sale, or offer of sale of the Accused
19   Products do not infringe, directly or indirectly, literally or under the doctrine of
20   equivalents, any valid and enforceable claim of the'576 Patent. Each Plaintiff is
21   entitled to a judgment declaring that they have not infringed and will not infringe any
22   valid or enforceable claim of the '576 Patent.

23        22.    Consequently, Plaintiff now seeks relief from this Court to resolve this
24   dispute and be compensated for the injury caused by Defendant's unlawful business
25   practices, antitrust, patent misuse, and unfair competition.

26        23.    This is an action for declaratory judgement of non-infringement, patent
27   misuse, and unfair competition involving the '576 Patent under the patent laws of the
28   United States, to wit, 35 U.S.C §§ 1 et seq., as well as findings of antitrust violations

DECLARATORY JUDGMENT COMPLAINT

MILLER · LAW · ASSOCIATES
A PROFESSIONAL CORPORATION

and unfair competition under California law. Plaintiff brings this action because of Defendant's unlawful and unfair business practices.

## PARTIES

24.     Plaintiff ALFA is now, and at all times relevant herein was, a Chinese Business entity located in the People's Republic of China with an address of Room 1301, Building 4, No. 520, Keji Yuan Road, Baiyang Street, Qiantang District, Hangzhou City, Zhejiang Province.

25.     Plaintiff ZXP is now, and at all times relevant herein was, a Chinese Business entity located in the People's Republic of China with an address of No. 51, Lianyu Road, Gaoqiao Street, Huangyan District, Taizhou City, Zhejiang Province.

26.     On information and belief, Defendant is California corporation with a principal place of business at 7825 Somerset Blvd., Suite D, Paramount, CA 90723.

27.     On information and belief, Defendant distributes and sells utility carts and similar products, in this judicial district, including through Amazon.com.

## JURISDICTION AND VENUE

28.     This action arises under the patent laws of the United States, Title 35 of the United States Code §§ 101 et seq.

29.     This action further arises under the antitrust laws of the United States, including but not limited to §1 of the Sherman Act (15 U.S.C. §1) and §§4, 26 of the Clayton Act (15 U.S.C. §§15, 26).

30.     Plaintiff seeks relief under the Federal Declaratory Judgement Act.

31.     Plaintiff has standing because Defendant has filed claims of patent infringement to Amazon which has resulted in the removal of Plaintiff's Amazon product listings. Product delisting from Amazon has stopped Plaintiff's Amazon sales and caused significant financial loss.  Defendants' actions thereby give rise to a case of actual controversy under 28 U.S.C. §§ 2201 et. seq.

32.     This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1337, 1338, 2201 and 2202.

DECLARATORY JUDGMENT COMPLAINT

33.    This Court has personal jurisdiction over Defendant because it is incorporated in California, has a principal place of business in California, and maintains substantial and continuous business operations in California.

34.    Venue is proper in this district pursuant to at least 28 U.S.C. § 1391(b) as Defendant is considered domiciled in this district and it is within this district that Defendant has engaged in acts and omissions that have led to the fear and apprehension of suit and/or the harm because of such acts against Plaintiffs.

## COUNT I:

### Declaratory Judgment of Non-Infringement of the '576 Patent

35.    Plaintiffs hereby incorporate by reference all the foregoing paragraphs as if fully set forth herein.

36.    Claims 1, 11, and 15 are the only independent claims of the '576 Patent.

37.    None of the Accused Products infringe Claims 1, 11, and 15 of the '576 Patent, either literally or under the doctrine of equivalents, because their designs are like those shown in one or more of Exhibits E-L.

38.    There is no construction of Claims 1, 11, and 15 of the '576 Patent that does not otherwise ensnare Exhibits E-L.

39.    Neither Plaintiff can infringe any claim of the '576 Patent, either literally or under the doctrine of equivalents according to the ensnarement doctrine.

## COUNT II:

### Patent Misuse

40.    Plaintiffs hereby incorporate by reference all of the foregoing paragraphs as if fully set forth herein.

41.    Defendant misused its patent rights by threatening to prevent Plaintiffs from selling the non-infringing Alfa Products, Enhomme Products, and the Vecelo Products on Amazon.com based upon the non-infringed '576 Patent.

42.    Defendant has misused its '576 Patent by alleging patent infringement by Plaintiffs to Amazon while knowing that the '576 Patent is not infringed.  Defendant's

MILLER • LAW • ASSOCIATES

A PROFESSIONAL CORPORATION

1   actions involving the '576 Patent to restrain Plaintiffs' freedom of competition using

2   an illegitimate patent right constitutes a *per se* violation of the antitrust laws.

3       1.      Plaintiffs' businesses have been and continue to be injured because of

4   Defendant's patent misuse.  Defendant's unlawful use of the '576 Patent, either alone,

5   or in concert with any other party, such as Amazon, has diminished Plaintiffs' abilities

6   to make sales of its non-infringing products.

7       2.      Amazon's removal of Plaintiffs' listings and the threat of possible

8   deactivation of Plaintiff's Amazon Seller Account and destruction of product have

9   caused, and continue to cause, Plaintiffs to lose substantial sales and impose

10  irreparable harm in terms of lost sales of the Alf Products, Enhomme Products, and

11  Vecelo Products to competitors or consumer dissatisfaction with being unable to

12  obtain the same when they were available prior to Defendant's reckless bad acts.

13      3.      As a result of Defendant's willful misuse of the '576 Patent, each Plaintiff

14  is entitled to recover threefold the damages it has sustained, and the cost of this lawsuit,

15  including a reasonable attorney's fee.

16                          **COUNT III**

17                  **Unfair Competition Under California Law**

18      4.      Plaintiffs hereby incorporate by reference all the foregoing paragraphs as

19  if fully set forth herein.

20      5.      The conduct of Defendant amounts to unfair competition under Section

21  17200 et. seq. of the California Business & Professions Code, which prohibits any

22  unlawful, unfair, or fraudulent business act or practice.

23      6.      Plaintiffs' businesses have been and continue to be injured as a result of

24  Defendant's unlawful, unfair, and fraudulent conduct by requesting Amazon to

25  remove Plaintiffs' listings of the Alfa Products, Enhomme Products, and Vecelo

26  Products based on a knowingly unenforceable and non-infringed '576 Patent.

27  Amazon's removal of Plaintiffs' listings and the threat of possible deactivation of

28  Plaintiff's Amazon Seller Account and destruction of inventory have caused, and

MILLER · LAW · ASSOCIATES
A PROFESSIONAL CORPORATION

DECLARATORY JUDGMENT COMPLAINT

MILLER • LAW • ASSOCIATES
A PROFESSIONAL CORPORATION

1  continue to cause, Plaintiffs to lose substantial sales and impose irreparable harm in

2  terms of lost sales of the Plaintiffs' products to competitors or consumer dissatisfaction

3  with being unable to obtain the Alfa Products, Enhomme Products, and Vecelo

4  Products when they were available prior to Defendant's bad acts.

5  **PRAYER FOR RELIEF**

6  WHEREFORE, each Plaintiff prays for judgment to be entered in its favor

7  against Defendant as follows:

8  A. A judgment that the Alf Products do not infringe the '576 Patent either

9  literally or under the doctrine of equivalents;

10  B. A judgment that the Enhomme Products do not infringe the '576 Patent

11  either literally or under the doctrine of equivalents;

12  C. A judgment that the Vecelo Products do not infringe the '576 Patent either

13  literally or under the doctrine of equivalents;

14  D. A judgment that Defendant has engaged in patent misuse by causing

15  Amazon to remove the Accused Products on the basis of a non-infringed

16  '576 Patent;

17  E. A judgment permanently enjoining and restraining Defendant, its

18  officers, agents, servants, employees, and attorneys, and all other persons

19  acting in concert, participation or privity with it, and its successors and

20  assigns, from alleging, suggesting, or causing the Alfa Products to be

21  delisted from Amazon on the basis of infringement of the '576 Patent;

22  F. A judgment permanently enjoining and restraining Defendant, its

23  officers, agents, servants, employees, and attorneys, and all other persons

24  acting in concert, participation or privity with it, and its successors and

25  assigns, from alleging, suggesting, or causing the Enhomme Products to

26  be delisted from Amazon on the basis of infringement of the '576 Patent;

27  ///

28  ///

11

DECLARATORY JUDGMENT COMPLAINT

MILLER · LAW · ASSOCIATES
A PROFESSIONAL CORPORATION

G. A judgment permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and attorneys, and all other persons acting in concert, participation or privity with it, and its successors and assigns, from alleging, suggesting, or causing the Vecelo Products to be delisted from Amazon on the basis of infringement of the '576 Patent;

H. A judgement requiring Defendant or its agents to retract or withdraw the complaint to Amazon that has caused the removal of each of Plaintiffs' products;

I. A judgement requiring Defendant or its agents to retract or withdraw any asset freezes maintained on the part of Amazon as a result of Defendant's allegations of '576 Patent infringement;

J. A judgment declaring this case is exceptional in favor of Plaintiffs entitling each Plaintiff to an award of reasonable attorney fees and the costs incurred in prosecuting this action, together with interest, pursuant to 35 U.S.C. § 285;

K. A judgement be entered declaring the Defendant has engaged in antitrust activity, including patent misuse, and award threefold the damages each Plaintiff has sustained, plus the cost of this lawsuit, including a reasonable attorney's fee;

L. That judgement be entered declaring that Defendant violated the unfair competition laws of California and enter appropriate permanent injunctions; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

DECLARATORY JUDGMENT COMPLAINT

1    M. A judgment awarding each Plaintiff such other and further relief as the

2        Court may deem just and proper.

3

4    Dated: January 17, 2025                    Respectfully submitted,

5                                    By:    /s/ Randall A. Miller
                                            Randall A. Miller, Esq.
6                                           Zachary Mayer, Esq.
                                            Joseph Farco, Esq. (*pro hac vice* to be filed)
7

8                                           Attorneys for Plaintiffs HANGZHOU
                                            ALFA TRADING CO. LTD and
9                                           ZHEJIANG XINMAO PLASTIE
                                            INDUSTRY CO., LTD
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER • LAW • ASSOCIATES
A PROFESSIONAL CORPORATION

DECLARATORY JUDGMENT COMPLAINT