**MILLER LAW ASSOCIATES, APC**
Randall A. Miller (SBN 116036)
rmiller@millerlawapc.com
Zachary Mayer (SBN 199434)
zachary@millerlawapc.com
411 South Hewitt Street
Los Angeles, CA 90013
Phone: (213) 493-6400
Fax: (888) 748-5812

**NORRIS McLAUGHLIN P.A.**
Monica Chawla (*Pro Hac Vice*)
mchawla@norris-law.com
7 Times Square, 21st Floor
New York, NY 10036
Phone: (212) 808-0700
Fax: (212) 808-0844

Attorneys for Plaintiffs HANGZHOU ALFA TRADING CO. LTD and ZHEJIANG XINMAO PLASTIE INDUSTRY CO., LTD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANGZHOU ALFA TRADING CO. LTD, a foreign limited liability corporation, and ZHEJIANG XINMAO PLASTIE INDUSTRY CO., LTD, a foreign limited liability corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>DBEST PRODUCTS, INC., a California corporation<br><br>Defendant | Case No. 2:25-cv-00471 PA (PDx)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGE AND FOR DECLARATORY JUDGMENT**<br>1. Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,103,576 B2 ("'576 Patent")<br><br>**DEMAND FOR JURY TRIAL** |

1  Plaintiffs HANGZHOU ALFA TRADING CO. LTD ("Alfa") and ZHEJIANG XINMAO PLASTIE INDUSTRY CO., LTD ("ZXP") (collectively, "Plaintiffs") for their First Amended Complaint for Declaratory Judgement of Patent Non-Infringement against DBEST PRODUCTS INC. ("Defendant"), each avers and alleges as follows.

## NATURE OF THE ACTION

1. This is an action seeking relief from Defendant's pattern of abuse of the patent laws by using U.S. Patent Number 12,103,576 B2 (the "576 Patent") to coerce online marketplaces, like those offered by Amazon Inc. ("Amazon"), to delist online listings and marketplaces from Defendant's lawful competitors. A copy of the '576 Patent is attached hereto as **Exhibit A**.

2. Plaintiff Alfa made and sold the following products online through its "SPIEEK-YK" branded Amazon store:




The products above have the following Amazon Standard Identification Number ("ASIN") on Amazon, but have since been removed because of Defendant's misuse of the '576 Patent which caused Amazon to remove the following listings from access by Plaintiff Alfa's customers:

- B0DCG8T8L8 (https://www.amazon.com/dp/B0DCG8T8L8);

- B0DCGCX1SJ (https://www.amazon.com/dp/B0DCGCX1SJ);
- B0DCG867N6 (https://www.amazon.com/dp/B0DCG867N6);
- B0DCG41SBK (https://www.amazon.com/dp/B0DCG41SBK);
- B0DCF1QKKG (https://www.amazon.com/dp/B0DCF1QKKG);
- B0DCF54GKR (https://www.amazon.com/dp/B0DCF54GKR);
- B0DCDX12QS (https://www.amazon.com/dp/B0DCDX12QS); and
- B0DCF28B97 (https://www.amazon.com/dp/B0DCF28B97); collectively referred to herein as "Alfa Products".

3. On or around December 15, 2024, Defendant used the '576 Patent to unlawfully take down Plaintiff Alfa's Amazon marketplace for the Alfa Products. *See* **Exhibit B** (Amazon Complaint Number 16796393811). Since then, Defendant's misuse of the '576 Patent to disrupt Plaintiff Alfa's Amazon sales has caused, and continues to cause, immediate and irreparable harm to Plaintiff Alfa.

4. Plaintiff ZXP sold the following products under the brand "Enhomme Direct" via Amazon:



The products above have the following ASIN on Amazon, but have since been removed because of Defendant's misuse of the '567 Patent which caused Amazon to remove the following listings from access by Plaintiff ZXP's customers:

- B0DCFKFBLS (https://www.amazon.com/dp/B0DCFKFBLS);

- B0DMKDTFNL (https://www.amazon.com/dp/B0DMKDTFNL);
- B0DMKCFDDJ (https://www.amazon.com/dp/B0DMKCFDDJ);
- B0DMKG5DJ7 (https://www.amazon.com/dp/B0DMKG5DJ7);
- B0DM9G8426 (https://www.amazon.com/dp/B0DM9G8426);
- B0DLWQMS2C(https://www.amazon.com/dp/B0DLWQMS2C);
- B0DMKH7PXT(https://www.amazon.com/dp/B0DMKH7PXT);
- B0DMKDPGXC(https://www.amazon.com/dp/B0DMKDPGXC); and

B0DMKDW8P3(https://www.amazon.com/dp/B0DMKDW8P3);   collectively referred to herein as "Enhomme Products".

5. On or around November 21, 2024, Defendant used the '576 Patent to unlawfully take down Plaintiff ZXP's Amazon marketplace for its products sold through Enhomme Direct. *See* **Exhibit C**. Since then, Defendant's misuse of the '576 Patent to disrupt Plaintiff ZXP's Amazon sales of Enhomme Products has caused, and continues to cause, immediate and irreparable harm to Plaintiff ZXP. *See* **Exhibit C** (Amazon Complaint Number 16696504481).

6. Plaintiff ZXP manufactured the products that were sold by Amazon under the brand name "VECELO":



The products above have the following ASIN on Amazon, but have since been removed because of Defendant's misuse of the '576 Patent which caused Amazon to

remove the following listings, from access by Plaintiff ZXP's customers:

B0CRYXG6F4    (https://www.amazon.com/dp/B0CRYXG6F4);
B0CRYV2ZQN    (https://www.amazon.com/dp/B0CRYV2ZQN);
B0D83J4DMF    (https://www.amazon.com/dp/B0D83J4DMF);
B0D878RFPC    (https://www.amazon.com/dp/B0D878RFPC);
B0D879YPXJ    (https://www.amazon.com/dp/B0D879YPXJ);
B0D8762N2H    (https://www.amazon.com/dp/B0D8762N2H);
B0DCNRQTDV    (https://www.amazon.com/dp/B0DCNRQTDV);
B0CRY4QTLM    (https://www.amazon.com/dp/B0CRY4QTLM);
B0CRYXD631    (https://www.amazon.com/dp/B0CRYXD631);
B0D4Z2VWXH    (https://www.amazon.com/dp/B0D4Z2VWXH);
B0D4YZRYRF    (https://www.amazon.com/dp/B0D4YZRYRF); and
B0D4Z3K219    (https://www.amazon.com/dp/B0D4Z3K219), collectively referred to herein as "VECELO Products".

7. Defendant misused the '576 Patent to unlawfully take down Plaintiff ZXP's Amazon marketplace and its products sold through the Vecelo online store, which Amazon continues to maintain despite Plaintiff ZXP's appeal of that erroneous decision. *See* **Exhibit D** (Amazon Complaint Number 16602835481).

8. The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. In order to remain competitive in the United States market, specifically in the folding storage boxes area, each Plaintiff needs the Alfa Products, Enhomme Products, and Vecelo Products (the "Accused Products") listed in the Amazon marketplace to maintain its business by being available for purchase by consumers.

9. The '576 Patent has three independent claims: Claims 1, 11, and 15. Each of Claims 1-10 of Defendant's '576 Patent requires, *inter alia*, "[a] collapsible cart configured to transition from a closed condition where it is folded up to an open condition where it is expanded for use," and "the right sidewall and the left sidewall

are configured to fold inwardly in the closed condition; the right sidewall comprising a first right panel rotatably coupled to a second right panel….." See **Exhibit A**, Column 11, line 41 – Column 12, line 57.

10. Each of Claims 11-14 of Defendant's '576 Patent requires, *inter alia*, "the right sidewall and the left sidewall are configured to fold inwardly in the closed condition, the right sidewall comprising a first right panel rotatably coupled to a second right panel, the right sidewall further comprising a third right panel, wherein the second right panel and the third right panel conform in shape to collectively cover the opening in the first right panel…." See **Exhibit A**, Column 12, line 58 – Column 13, line 28.

11. Each of Claims 15-18 of Defendant's '576 Patent require, *inter alia*, "the right sidewall and the left sidewall are configured to fold inwardly in the closed condition, the right sidewall comprising a first right panel rotatably coupled to a second right panel, …." See **Exhibit A**, Column 13, line 29 – Column 14, line 41.

12. During prosecution of Defendant's predecessor patent application to the '576 Patent, U.S. Patent Application No. 17/143,116 (the "116 Application), a third party presented charts to the United States Patent and Trademark Office ("USPTO") illustrating how CN207506081U (the CN081 Patent) met claim language in the '116 Application. See **Exhibit E**.

13. U.S. Patent No. 4,662,532 A issued before the earliest effective date of the claims of the '576 Patent. See **Exhibit F**. The USPTO never considered this reference during prosecution of the '576 Patent.

14. U.S. Patent No. 3,981,410 A issued before the earliest effective date of the claims of the '576 Patent. See **Exhibit G**. The USPTO never considered this reference during prosecution of the '576 Patent.

15. U.S. Patent No. 9,278,775 B2 issued before the earliest effective date of the claims of the '576 Patent. See **Exhibit H**. The USPTO never considered this reference during prosecution of the '576 Patent.

16. U.S. Patent No. 8,757,412 B2 issued before the earliest effective date of the claims of the '576 Patent. *See* **Exhibit I**. The USPTO never considered this reference during prosecution of the '576 Patent.

17. DE9203114 U1 published before the earliest effective date of the claims of the '576 Patent. *See* **Exhibit J**. The USPTO never considered this reference during prosecution of the '576 Patent.

18. Finnish Patent No. 128389 published before the earliest effective date of the claims of the '576 Patent. *See* **Exhibit K**. The USPTO never considered this reference during prosecution of the '576 Patent.

19. U.S. Patent Application Publication No. 2019/0270545 A1 published before the earliest effective date of the claims of the '576 Patent. *See* **Exhibit L**. The USPTO never considered this reference during prosecution of the '576 Patent.

20. Defendant's anticompetitive use of the '576 Patent to dominate the market for folding storage containers is both wrongful and targeted to competitively harm Plaintiffs and restrict free market competition.

21. An actual and justiciable case or controversy therefore exists between each Plaintiff and Defendant regarding whether the Accused Products have infringed the claims of '576 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer of sale of the Accused Products do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the'576 Patent. Each Plaintiff is entitled to a judgment declaring that they have not infringed and will not infringe any valid or enforceable claim of the '576 Patent.

22. Consequently, Plaintiff now seeks relief from this Court to resolve this dispute and be compensated for the injury caused by Defendant's unlawful business practices, antitrust, patent misuse, and unfair competition.

23. This is an action for declaratory judgement of non-infringement involving the '576 Patent under the patent laws of the United States, to wit, 35 U.S.C §§ 1 et

seq.. Plaintiff brings this action because of Defendant's unlawful and unfair business practices.

## PARTIES

24. Plaintiff ALFA is now, and at all times relevant herein was, a Chinese Business entity located in the People's Republic of China with an address of Room 1301, Building 4, No. 520, Keji Yuan Road, Baiyang Street, Qiantang District, Hangzhou City, Zhejiang Province.

25. Plaintiff ZXP is now, and at all times relevant herein was, a Chinese Business entity located in the People's Republic of China with an address of No. 51, Lianyu Road, Gaoqiao Street, Huangyan District, Taizhou City, Zhejiang Province.

26. On information and belief, Defendant is California corporation with a principal place of business at 7825 Somerset Blvd., Suite D, Paramount, CA 90723.

27. On information and belief, Defendant distributes and sells utility carts and similar products, in this judicial district, including through Amazon.com.

## JURISDICTION AND VENUE

28. This action arises under the patent laws of the United States, Title 35 of the United States Code §§ 101 et seq.

29. Plaintiff seeks relief under the Federal Declaratory Judgement Act.

30. Plaintiff has standing because Defendant has filed claims of patent infringement to Amazon which has resulted in the removal of Plaintiff's Amazon product listings. Product delisting from Amazon has stopped Plaintiff's Amazon sales and caused significant financial loss.  Defendants' actions thereby give rise to a case of actual controversy under 28 U.S.C. §§ 2201 et. seq.

31. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1337, 1338, 2201 and 2202.

32. This Court has personal jurisdiction over Defendant because it is incorporated in California, has a principal place of business in California, and maintains substantial and continuous business operations in California.

33. Venue is proper in this district pursuant to at least 28 U.S.C. § 1391(b) as Defendant is considered domiciled in this district and it is within this district that Defendant has engaged in acts and omissions that have led to the fear and apprehension of suit and/or the harm because of such acts against Plaintiffs.

## COUNT I:

### Declaratory Judgment of Non-Infringement of the '576 Patent

34. Plaintiffs hereby incorporate by reference all the foregoing paragraphs as if fully set forth herein.

35. Claims 1, 11, and 15 are the only independent claims of the '576 Patent.

36. None of the Accused Products infringe Claims 1, 11, and 15 of the '576 Patent, either literally or under the doctrine of equivalents, because their designs are like those shown in one or more of Exhibits E-L.

37. There is no construction of Claims 1, 11, and 15 of the '576 Patent that does not otherwise ensnare Exhibits E-L.

38. Neither Plaintiff can infringe any claim of the '576 Patent, either literally or under the doctrine of equivalents according to the ensnarement doctrine.

## PRAYER FOR RELIEF

WHEREFORE, each Plaintiff prays for judgment to be entered in its favor against Defendant as follows:

A. A judgment that the Alf Products do not infringe the '576 Patent either literally or under the doctrine of equivalents;

B. A judgment that the Enhomme Products do not infringe the '576 Patent either literally or under the doctrine of equivalents;

C. A judgment that the Vecelo Products do not infringe the '576 Patent either literally or under the doctrine of equivalents;

D. A judgment permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and attorneys, and all other persons acting in concert, participation or privity with it, and its successors and

assigns, from alleging, suggesting, or causing the Alfa Products to be delisted from Amazon on the basis of infringement of the '576 Patent;

E. A judgment permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and attorneys, and all other persons acting in concert, participation or privity with it, and its successors and assigns, from alleging, suggesting, or causing the Enhomme Products to be delisted from Amazon on the basis of infringement of the '576 Patent;

F. A judgment permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and attorneys, and all other persons acting in concert, participation or privity with it, and its successors and assigns, from alleging, suggesting, or causing the Vecelo Products to be delisted from Amazon on the basis of infringement of the '576 Patent;

G. A judgement requiring Defendant or its agents to retract or withdraw the complaint to Amazon that has caused the removal of each of Plaintiffs' products;

H. A judgement requiring Defendant or its agents to retract or withdraw any asset freezes maintained on the part of Amazon as a result of Defendant's allegations of '576 Patent infringement;

I. A judgment declaring this case is exceptional in favor of Plaintiffs entitling each Plaintiff to an award of reasonable attorney fees and the costs incurred in prosecuting this action, together with interest, pursuant to 35 U.S.C. § 285;

///
///
///

    J.  A judgment awarding each Plaintiff such other and further relief as the Court may deem just and proper.

Dated: April 18, 2025                Respectfully submitted,

By: /s/ Randall A. Miller
Randall A. Miller, Esq.
Zachary Mayer, Esq.
Monica Chawla, Esq. (P*ro Hac Vice*)

Attorneys for Plaintiffs HANGZHOU ALFA TRADING CO. LTD and ZHEJIANG XINMAO PLASTIE INDUSTRY CO., LTD