Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
David A. Randall (SBN 156722)
dave@orbitip.com
**ORBIT IP, LLP**
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Tel.: (310) 887-1333
Fax: (310) 887-1334

Attorneys for Defendant
DBEST PRODUCTS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANGZHOU ALFA TRADING CO. LTD., a foreign limited liability corporation and ZHEJIANG PLASTIE INDUSTRY CO., LTD., a foreign limited liability corporation.<br><br>Plaintiffs<br><br>v.<br><br>DBEST PRODUCTS, INC., a California corporation,<br><br>Defendant. | CASE NO. 2:25-cv-00471 PA (PDx)<br><br>**ANSWER**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint filed: January 17, 2025<br>Trial date:     None assigned |

## NATURE OF THE ACTION

1. dbest products, Inc. ("dbest") admits that the First Amended Complaint is an action under the patent laws and that Exhibit A is a copy of the '576 Patent. dbest denies the remaining allegations of paragraph 1.

2. dbest admits that Amazon removed the product listings because of dbest's accusation that they infringed the '576 Patent. dbest denies the remaining allegations of paragraph 2.

3. dbest admits that on or around December 15, 2024, dbest reported the Alfa Products for infringement of the '576 Patent. dbest denies the remaining allegations of paragraph 3.

4. dbest admits that Amazon removed the product listings because of dbest's accusation that they infringed the '576 Patent. dbest denies the remaining allegations of paragraph 4.

5. dbest admits that on or around November 21, 2024, dbest reported the Enhomme Products to Amazon for infringement of the '576 Patent. dbest denies the remaining allegations of paragraph 5.

6. dbest admits that Amazon removed the product listings because of dbest's accusation that they infringed the '576 Patent. dbest denies the remaining allegations of paragraph 6.

7. dbest denies the allegations of paragraph 7.

8. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 and on that basis denies them.

9. dbest admits the allegations of paragraph 9.

10. dbest admits the allegations of paragraph 10.

11. dbest admits the allegations of paragraph 11.

12. dbest admits the allegations in paragraph 12.

13. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and on that basis denies them.

14. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 and on that basis denies them.

15. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 and on that basis denies them.

16. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 and on that basis denies them.

17. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 and on that basis denies them.

18. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 and on that basis denies them.

19. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 and on that basis denies them.

20. dbest denies the allegations of paragraph 20.

21. dbest admits that there is a justiciable controversy. dbest denies the remaining allegations of paragraph 21.

22. dbest admits that Hangzhou Alfa Trading Co., Ltd. ("Alfa") and Zhejiang Plastie Industry Co., Ltd. ("ZXP") seek relief based on the four identified legal theories. dbest denies the remaining allegations of paragraph 22.

23. dbest admits that the FAC seeks a declaratory judgment of non-infringement of the '576 Patent. dbest denies the remaining allegations of paragraph 23.

## **PARTIES**

24. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24, and on that basis denies them.

25. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25, and on that basis denies them.

26. dbest denies the allegations set forth in paragraph 26. Dbest's principal place of business is at 16506 Avalon Blvd., Carson, CA 90746.

3
ANSWER
Case. No. CV-253-00471-PA (PDx)

27. dbest admits the allegations set forth in paragraph 27.

## JURISDICTION AND VENUE

28. dbest admits the allegations set forth in paragraph 28.

29. Dbest admits the allegations set forth in paragraph 29.

30. dbest admits that it filed claims of infringement with Amazon that resulted in the removal of Plaintiffs' product listings. dbest denies the remaining allegations of paragraph 30.

31. dbest admits the allegations set forth in paragraph 31.

32. dbest admits the allegations set forth in paragraph 32.

33. dbest admits that venue is proper in this district; dbest denies the remaining allegations of Paragraph 33.

## COUNT I

### (Declaratory Judgment of Non-Infringement of the '576 Patent)

34. dbest incorporates by reference its responses to paragraphs 1-33 as if fully set forth in this paragraph.

35. dbest admits the allegations set forth in paragraph 35.

36. dbest denies the allegations set forth in paragraph 36.

37. dbest denies the allegations set forth in paragraph 37.

38. dbest denies the allegations set forth in paragraph 38.

## PRAYER FOR RELIEF

dbest denies that Alfa or ZXP is entitled to any relief. dbest requests that the Court enter judgment in its favor on all claims and award it reasonable costs and attorneys' fees and any further relief the Court deems appropriate.

## FIRST AFFIRMATIVE DEFENSE

### (Infringement)

Plaintiff's Accused Products directly or indirectly infringe at least one claim of the '576 Patent.

## SECOND AFFIRMATIVE DEFENSE

### (Validity and Enforceability)

All claims of the '576 Patent are valid and enforceable under 35 U.S.C. § 1 *et seq*, and Plaintiff will not be able to demonstrate by clear and convincing evidence that they are otherwise.

## THIRD AFFIRMATIVE DEFENSE

### (No injury or standing)

Plaintiff has suffered no injury and lack standing.

## FOURTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

Plaintiff's claims for attorney's fees are barred, in whole or in part, at least because this case is not exceptional and Defendant's alleged actions were not willful and malicious.

# FIFTH AFFIRMATIVE DEFENSE

**(Equitable Defenses)**

Plaintiff's claims and/or remedies are barred in whole or in part under principles of equity, including laches, estoppel, waiver, and/or unclean hands.

DATED: May 1, 2025                         Respectfully submitted,

                                                            ORBIT IP LLP.

                                                            By: /s/ Ehab M. Samuel
                                                            Ehab M. Samuel (CA SBN 228296)
                                                           David A. Randall (CA SBN 156722)

                                                           *Attorneys for dbest products, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on May 1, 2025, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ *Ehab M. Samuel*
Ehab M. Samuel

**1**
ANSWER
Case. No. CV-253-00471-PA (PDx)